Michael C. Williams, Asst. U.S. Trustee, Milwaukee, Wis.

R. Arthur Ludwig, Ludwig & Shlimovitz, S.C., Milwaukee, Wis., for debtor.

**In re Dilman CARTER and Janet Carter, d/b/a Spuds N Suds, Debtor(s).**

**Bankruptcy No. 89–00642.**

United States Bankruptcy Court, E.D. Wisconsin.

May 24, 1989.

### DECISION

M. DEE McGARITY, Bankruptcy Judge.

### PROCEDURE

This matter comes before the court on the motion of Attorneys Ludwig & Shlimovitz, S.C. to be appointed attorney for the debtor-in-possession under 11 U.S.C. § 327(a). The United States Trustee objected on the grounds that the law firm does not qualify in that it took as collateral for attorney fees an assignment of a land contract vendor's interest in real estate owned by the debtors. The debtors' interest was also subject to a prior assignment to a bank, also for collateral purposes. Be-

cause of this assignment, the United States Trustee argues that the law firm does not meet the requirement that it not hold or represent an interest adverse to the estate, and it is not a "disinterested person." 11 U.S.C. § 327(a). For the reasons stated herein, the objection is overruled, and the law firm will be appointed attorney for the debtor-in-possession.

## DISCUSSION

■ According to the attorneys' amended disclosure of compensation, the attorneys were paid $500 before the filing of the petition, and the petitioners agreed to pay a flat fee of $10,000 for bankruptcy related services. As collateral for these bankruptcy related services, the debtors assigned a vendor's interest in a land contract. The assignment was recorded on February 10, 1989, at 11:40 a.m. The bankruptcy petition was filed at 4:40 p.m. on the same day. The United States Trustee argues that this assignment as collateral for attorney fees disqualifies the law firm as a "disinterested" party as defined in 11 U.S.C. § 101(13). That definition has two sections which could conceivably apply in this case. The first is that the law firm "is not a creditor, an equity security holder, or an insider." 11 U.S.C. § 101(13)(A). The other is that the attorney "does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor ... or for any other reason." 11 U.S.C. § 101(13)(E).

An attorney is disqualified under 11 U.S.C. § 327(a) if he holds or represents an adverse interest or is not a disinterested person. In support of his opposition to the appointment of Ludwig & Shlimovitz, S.C., the United States Trustee relies primarily on *In re Pierce*, 809 F.2d 1356 (8th Cir. 1987). In that case, the attorney for the debtors had represented them in a state court action, but had failed to perfect his lien on the debtors' recovery under Minnesota law. Since it was not perfected, the lien was subject to avoidance by the trustee under 11 U.S.C. § 545(2). The court also found that because the attorney had taken a mortgage on the debtors' real property to secure payment of pre-petition and post-petition legal services, the attorney was a creditor. Since a creditor is not a disinterested person under 11 U.S.C. § 101(13)(A), the attorney did not qualify as the attorney for the debtors under 11 U.S.C. § 327(a).

The fact situation in *Pierce* differs significantly from the facts of this case. Here, the attorney is not a pre-petition creditor, and the assignment of the land contract was not taken to secure a pre-petition debt. The assignment only secures payment for post-petition legal services.

The *Pierce* court further supported its ruling with two other cases holding that an attorney's pre-petition mortgage on a debtor's real estate constitutes an "adverse interest." The first case cited was *In re Martin*, 59 B.R. 140 (Bankr.D.Maine 1986), which was later reversed when the First Circuit found that such a mortgage did not per se disqualify the attorney. *In re Martin*, 817 F.2d 175 (1st Cir.1987). The other case was *In re Roberts*, 46 B.R. 815 (Bankr.D.Utah 1985). That case likewise does not square with the facts of this case. The law firm in question represented principals who owed money to or were owed money by a corporation for which the law firm was also general counsel. This law firm was also owed fees by the debtors at the time of filing. However, the court specifically stated that just because an attorney is owed fees for pre-petition services for a client does not create an interest adverse to the estate, nor does the law firm necessarily lack disinterestedness which would disqualify it under 11 U.S.C. § 327(a). *Id.* at 849. Further inquiry is obviously necessary.

The attorney in *Pierce* was also denied appointment because he failed to disclose the fee arrangement. This is not a factor in the instant case.

The United States Trustee argues that the creation of the assignment, even though it secures post-petition services, brings the law firm within the definition of creditor. Under 11 U.S.C. § 101(9), creditor means, among other things, an "entity

that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 101(9)(A). The definition of "claim" means a "right to payment." 11 U.S.C. § 101(4)(A). The filing of a lien does not create a right to payment. The rendering of services creates the right to payment. The lien only secures it, but it is not a right independent of the liability it secures. Since the law firm had no pre-petition claim against the debtor, it could not meet the definition of creditor. If it is not a creditor, it is also not an interested person for that reason under 11 U.S.C. § 101(13)(A).

The First Circuit Court of Appeals rejected the proposition that the existence of a security interest in the debtor's property per se disqualifies an attorney from representing the debtor. *In re Martin*, 817 F.2d 175, 183 (1st Cir.1987). The flexible standards adopted in *Martin* were also cited with approval in this district in *In re Shah International, Inc.*, 94 B.R. 136, 138 (Bankr.E.D.Wis.1988). The factors set forth by *Martin* in determining whether an adverse interest exists include the following:

1. The reasonableness of the arrangement.

2. Whether it was negotiated in good faith.

3. Whether the security demanded was commensurate with the predictable magnitude and value of the foreseeable services.

4. Whether the security was needed to insure the engagement of competent counsel.

5. Whether there are signs of overreaching.

6. Whether there is a likelihood that a potential conflict of interest might turn into an actual one.

7. Whether the potential conflict may influence subsequent decision making.

8. The appearance of the arrangement to other parties in interest.

9. Whether the existence of the security interest threatens to hinder or delay the effectuation of a plan.

10. Whether the security is or could be perceived as an impediment to reorganization.

11. Whether fundamental fairness might be unduly jeopardized.

*Martin, supra* at 182.

The *Martin* court also recognized the reality that almost any attorney representing a debtor is interested in the financial success of the reorganization. Without the means to pay attorney fees, the attorney's economic interest will suffer. Yet *Martin* points out that this is an acceptable risk. *Id.* at 181. It is when the attorney's interest could damage that of the debtor that the court must find that an unacceptable risk exists. *See, e.g., In re Automend, Inc.*, 85 B.R. 173 (Bankr.N.D.Ga.1988) (attorney's undisclosed security interest in accounts receivable tied up cash necessary for the reorganization). Both the *Shah* and *Martin* courts pointed out that the taking of a security interest in property may free up cash to better enable the debtor to reorganize. *Shah, supra* at 138; *Martin, supra* at 181. *See also Automend, supra* at 177.

To summarize, the United States Trustee does not advance, nor can this court discern, any reason why the law firm should not be appointed, other than by reason of its security interest in the debtors' property. Had the debtors sold outright their interest in the land contract receivable and paid that money to the attorneys as a retainer, the United States Trustee apparently would not complain. This court agrees with the court in *Shah*; there is no real difference. *Shah, supra* at 138.

The debtors in this case formerly ran a tavern which is no longer in operation. The granting of an interest in an unrelated land contract receivable to secure payment of attorney fees allows them to secure counsel that they might not otherwise be able to afford. There is no indication that the existence of this security interest will delay or impair the debtors' reorganization of their finances. There is no indication

that the arrangement was made other than in good faith, and the amount secured appears to be appropriate for the services anticipated to be rendered. Full disclosure was made at the inception of the case. The court is unable to envision a scenario in which the attorneys' interest in the land contract receivable would be or would appear to be adverse to the estate or to any creditor. The court is satisfied that the arrangement, except as modified herein, is in the debtors' best interest.

 It appears from the attorneys' application that the agreement between the debtors and the law firm is for a flat fee, although additional amounts could be charged if the services rendered are of greater value than the flat fee. Flat fees are disfavored in bankruptcy representation, and this part of the arrangement will not be approved. *See Shah, supra* at 139. All fees remain subject to court approval under 11 U.S.C. § 328. *Id.* Finally, to avoid any conflict with other administrative claimants, the assignment shall be available for payment of all administration expenses, not solely the attorney for the debtor-in-possession, in accordance with the priorities of 11 U.S.C. § 507. *Id.*

This decision constitutes the findings of fact and conclusions of law under Bankruptcy Rule 7052. An order will be entered accordingly.