**In re Michael G. NOVITZKE and Susan M. Novitzke, Debtors.**

**Bankruptcy No. WU7–88–01771.**

United States Bankruptcy Court, W.D. Wisconsin.

Sept. 28, 1990.

Terrence J. Byrne, Wausau, Wis., for debtors.

Richard J. Cuellar, Madison, Wis., for U.S. Trustee.

## MEMORANDUM OPINION, FINDINGS OF FACT, AND CONCLUSIONS OF LAW

THOMAS S. UTSCHIG, Bankruptcy Judge.

### PROCEDURAL POSTURE

This case comes before the Court on the U.S. Trustee's objection to the fees of the Debtors' attorney. The Court notes that *neither* the Debtors, the creditors, *nor* the panel trustee objected to the fees of the Debtors' attorney. The question presented is whether the fees of the Debtors' attorney are reasonable.[1] Terrence J. Byrne of the Byrne Law Office represents the Debtors; Richard J. Cuellar represents the U.S. Trustee.

### FACTS

The Debtors filed a petition for relief under Chapter 7 of the Bankruptcy Code on July 28, 1988. The Byrne Law Office represented the Debtors. The Byrne Law Office also filed a statement of compensation under 11 U.S.C. § 329 which revealed that the Debtors had agreed to pay them a flat fee of $3,500.00 plus costs for all legal services related to the Debtors' bankruptcy case except objections to discharge. At that time the Debtors had already paid $600.00 of their attorney fees. On February 16, 1989, the Byrne Law Office amended the statement of compensation by reducing the flat fee to $3,000.00 to reflect its original fee agreement with the Debtor.

The Byrne Law Office spent 32.2 hours working on the Debtors' bankruptcy case.

---

1. The parties also argued whether the U.S. Trustee had standing to object to the fees of a debtor's attorney. While this Court is not persuaded by the U.S. Trustee's argument in favor of standing, this Court finds it unnecessary to rule on this preliminary issue of law since the facts are so abundantly clear in the decisive issue of this case.

## DISCUSSION

The U.S. Trustee argues that the compensation requested by the Byrne Law Office exceeds the reasonable value of the services performed for the following reasons: 1) the flat fee charged by the Byrne Law Office is $487.00 greater than a fee determined by a hypothetical hourly rate; and, 2) the services performed by the Byrne Law Office were less than adequate.

■ The U.S. Trustee argues that had the Byrne Law Office billed the Debtors by the hour, the Debtors' attorney fees would have totalled $2,513.00 plus costs. Since the flat fee of $3,000.00 is $487.00 greater than the fee based on a hypothetical hourly rate, the flat fee exceeds the reasonable value of the services. The U.S. Trustee cites *In re Carter*, 101 B.R. 563 (Bankr.E. D.Wis.1989) for support.

The Court rejects the U.S. Trustee's argument as an observation which lacks significance and as a new test which lacks legal support. The U.S. Trustee has failed to state why the difference between the actual flat rate charged a debtor and a hypothetical hourly rate should determine whether the actual flat rate is reasonable. Such a differential is not part of any other court's test of reasonable attorney fees and the U.S. Trustee provides no authority in support of its new test. The Court gives no weight to the U.S. Trustee's cited case because the *Carter* court decided whether the attorney for the debtor-in-possession held an interest adverse to the estate; the *Carter* court's comments on flat fees in bankruptcy were unsupported *dicta*. The Court notes that the U.S. Trustee's case raises the issue of whether an attorney may contract with his client on a flat-fee as opposed to an hourly or any other basis. The answer is "of course." An attorney and client may so agree provided the fee is subject to court review as to its reasonableness.

■ The U.S. Trustee also argues that the services performed by the Byrne Law Office were less than adequate because the Byrne Law Office failed to determine the dischargeability of the Debtors' student loan, failed to inform the Debtors that stu-dent loans are dischargeable in certain circumstances, and failed to advise the Debtors that Susan Novitzke, who incurred the loan, could have filed a separate petition. Since the loan was not discharged, the argument continues, the services were inadequate. Since the services were inadequate, the original flat fee exceeds the value of the services because competent services were purchased and less than competent services were delivered. The U.S. Trustee cites no cases to support this argument.

The Court rejects this argument because the U.S. Trustee has failed to show that the Debtors suffered any harm as a result of the Byrne Law Office's legal advice. Accordingly, this Court can make no finding that the conduct of the Byrne Law Office lessened the value of its services to the Debtors. *See In re Devers*, 12 B.R. 140 (D.D.C.1981).

■ In determining the reasonableness of attorney fees in bankruptcy cases courts must consider factors other than the difference between the actual fee and a hypothetical fee or unproven allegations of incompetency. Courts have generally looked to criteria articulated in *Matter of Reliable Investors Corp.*, 60 B.R. 98 (Bankr.W.D. Wis.1986) to determine the reasonableness of attorney fees. The criteria and this Court's application of them to this case are as follows:

1. The time and labor required.

The Byrne Law Office required 32.2 hours to complete the Debtors' bankruptcy case.

2. The novelty and difficulty of the question.

This case was more novel than most Chapter 7 farm bankruptcies because the Byrne Law Office negotiated a settlement with the Bank of Edgar concerning the Debtors' ginseng crop and genetically improved young stock. Negotiating settlements concerning ginseng crops and embryo transplants requires more knowledge of farming and animal husbandry than the

typical bankruptcy practitioner would normally possess.

This case was also more novel than most Chapter 7 consumer bankruptcies. At the time this case was filed, attorneys representing farm debtors who wished to file Chapter 7 in Wisconsin faced a much more difficult task than those representing consumer debtors. Attorneys representing farm debtors had to struggle with Wisconsin's antiquated exemption statute and expansive case law. The outdated exemption statute contained exemptions for antiquated farm implements long since relegated to junk piles or farming museums. Only through reference to the expansive case law were farmers allowed to exempt the technological successors of these antiquated implements. Naturally, creditors were reluctant to consider any modern farm equipment as the technological successor of the antiquated implements exempted under WIS.STAT. 815.18(6) without a trial or protracted negotiations. Accordingly, this Court finds that the present case presented difficult and novel questions.

### 3. The skill required to perform the legal services properly.

Chapter 7 farm bankruptcies require more skill to properly perform the necessary legal services because farming is not only a complex business, but a way of life as well. Farm bankruptcies involve difficult questions of commercial law, agricultural law, and bankruptcy law not present in a consumer bankruptcy. Finally, while a consumer may lose his credit cards in bankruptcy, a farmer loses his way of life. As often as they provide legal advice, bankruptcy attorneys provide personal advice to clients entangled in a major life crisis. Accordingly, this Court finds that this Chapter 7 farm bankruptcy required substantial skill to perform the necessary legal services properly.

### 4. The preclusion of other employment by the acceptance of this employment.

Taking the Debtors' case did not preclude the Byrne Law Office from accepting other opportunities for employment to a degree sufficient to be of concern here.

### 5. The customary fee.

The customary fee charged by the Byrne Law Office in a farm bankruptcy is fixed at $3,000.00. The evidence showed that the customary total fee charged by other knowledgeable bankruptcy practitioners in similar cases charging on an hourly basis is $1,600.00 to $3,800.00. The fee charged in the present case is well within the customary range when the fact that possible appeals are covered under the flat-fee arrangement is taken into account.

### 6. Whether the fee is fixed or contingent.

The fee of the Byrne Law Office is fixed. During the hearing numerous farmers testified as to the merits of a fixed fee. Fixed fees allow them to plan their financial future with greater certainty. Farming is a business fraught with financial uncertainty; adding the uncertainty of potentially substantial legal fees is a heavy burden. During the hearing, attorneys also testified as to the enhanced bargaining power they possess because creditors know that the fee meter is not running and that the debtor cannot be buried by legal fees. Accordingly, this Court finds nothing inherently wrong with a fixed-fee arrangement so long as the Bankruptcy Court may examine the fee's reasonableness at some point.

### 7. Time limitations imposed by the client or other circumstances.

The Debtors wished to move as swiftly as possible. While the Debtors set no deadlines, their desire for urgency imposed some time limitations upon the Byrne Law Office.

### 8. The amount involved and the results obtained.

The Byrne Law Office charged the Debtors $3,000.00 and the Debtors received a discharge of their debts on December 2, 1988.

 

9. The experience, reputation and ability of the attorney.

The reputation of the Byrne Law Office among those attorneys who represent debtors and creditors is very high. Mr. Byrne has influenced and participated in the development of much of the case law which judicially updated Wisconsin's antiquated exemption statute. *See, e.g., In re Erickson,* 815 F.2d 1090 (7th Cir.1987). (The Court notes that the Ericksons were charged a flat fee for their total case and thus did not have to bear the additional expense of the appeal. The appeal would have cost them an additional $1,700.00.) Without the broad coverage of legal services provided under the Byrne Law Office's flat-fee arrangement, many of their clients would not have been able to afford to fight for their exemptions. Accordingly, the Court finds that the Byrne Law Office possessed the requisite experience, reputation and ability to competently advise their clients in this matter.

10. The desirability of the case.

The Debtors' case was not undesirable.

11. The nature and length of the professional relationship with the client.

The Byrne Law Office first met with the Debtors eight months before they decided to file bankruptcy. The relationship between the Byrne Law Office and the Debtors was a normal attorney-client relationship.

12. Awards in similar cases.

Awards in similar cases handled by the Byrne Law Office range from flat fees of $1,400.00 to $3,500.00. Awards in similar cases in the Western District of Wisconsin handled by other attorneys range from $1,600.00 to $3,800.00.

If the Court merely considered the time required and the Byrne Law Office's hourly rate in this single isolated case, this Court might agree with the U.S. Trustee and find that the Byrne Law Office's fees are unreasonable. Taking into consideration all of the factors discussed above, however, the Court must disagree with the U.S. Trustee and find that the attorney fees at issue here are reasonable.

The Byrne Law Office has been put to great expense defending its fees against objections founded on an incomplete analysis of the facts and an unsupported exposition of the law by the U.S. Trustee's Office. The U.S. Trustee's Office is an agency of the United States government with financial resources far greater than that possessed by private law firms. Any misuse of power—intentional or unintentional—will have a chilling effect upon the bankruptcy system. By failing to apply criteria such as that set forth in *Matter of Reliable Investors Corp.* to the facts in the present case, the U.S. Trustee's Office has failed to adequately analyze a legal problem before plunging the Debtors and their attorneys into needless litigation. Accordingly, the objection of the U.S. Trustee is dismissed and the fees of the Byrne Law Office are approved.

This decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.