**In re QUINCY AIR CARGO, INC. d/b/a Quincy Air Cargo, Inc. d/b/a All Freight Transportation, Debtor.**

**Kenneth C. MEEKER, United States Trustee, Plaintiff,**

**v.**

**John H. GERMERAAD, Dennis W. Gorman, Terrence J. Anastas, Kenneth C. Abbott, Defendants.**

**Bankruptcy No. 92–70747.**
**Adv. No. 92–7221.**

United States Bankruptcy Court, C.D. Illinois.

May 5, 1993.

---

Sabrina M. Petesch, Peoria, IL, for U.S. Trustee.

Dennis W. Gorman, Jr., Terrence J. Anastas, Quincy, IL, defendants/co-counsel, for Quincy Air Cargo.

John H. Germeraad, Springfield, IL, defendant/co-counsel, for Quincy Air Cargo.

Kenneth C. Abbott, Quincy, IL, defendant/CPA, for Quincy Air Cargo.

## OPINION

LARRY L. LESSEN, Chief Judge.

Before the Court is the U.S. Trustee's Motion for Summary Judgment on its Complaint to Avoid Liens. The U.S. Trustee seeks to avoid the Defendants' liens on certain vehicles, which liens were taken as security for their professional services to the Debtor.

On January 29, 1992, the Debtor and the law firm of KEEFE GORMAN & BRENNAN, by its representative Terrence J. Anastas, executed a one-page Employment Contract and Security Agreement in which Anastas agreed to undertake representation of the Debtor in exchange for attorney fees of $95 per hour. In addition, the Debtor agreed to give to Anastas a security interest in two vehicles shown on the face of the Agreement to secure payment of all sums that may become due to Anastas, to a maximum of $15,000.

On March 13, 1992, the Debtor, the law firm of KEEFE GORMAN & BRENNAN, by its representative Dennis W. Gorman, and Attorney John H. Germeraad executed a one-page Employment Contract and Security Agreement in which Gorman and Germeraad agreed to provide legal services to the Debtor in exchange for attorney fees of $110 per hour. In addition, the Debtor agreed to give to Gorman and Germeraad a security interest in five vehicles listed on the face of the Agreement to secure payment of all sums that may become due to Gorman and Germeraad.

On March 30, 1992, the Debtor filed a voluntary Chapter 11 petition in bankruptcy.

On April 14, 1992, the Debtor filed its Application to Employ Attorneys. Attached to the Application were the affidavits of Germeraad and Gorman. Also, both Gorman and Germeraad filed a Disclosure of Compensation on the same date.

The Application did not disclose the terms of the Employment Contract and Security Agreement, nor did Germeraad's affidavit. Gorman's affidavit stated that his law firm "did take a lien on certain vehicles of the debtor corporation to secure payment of fees to both Keefe, Gorman and Brennan and (Germeraad)."

On May 8, 1992, the Court entered an Order authorizing employment of attorneys.

On May 1, 1992, the Debtor filed an Application to Employ Accountant Kenneth Abbott. The Application to Employ Accountant stated that the accountant received a lien on one vehicle as security for his fees. Attached to the application was a copy of the truck title. The employment contract between Abbott and the Debtor was not attached to the application, nor was the value or limit of his security interest disclosed. However, the application

states that Abbott's security interest is for post-petition services only.

On June 4, 1992, the Court entered an Order authorizing employment of Abbott.

On September 17, 1992, the case was converted from Chapter 11 to Chapter 7.

Between September 28, 1992, and October 6, 1992, KEEFE GORMAN & BRENNAN, Abbott and Germeraad filed their Applications for Allowance of Fees and Expenses. On October 27, 1992, the Office of the United States Trustee filed objections to the applications.

The U.S. Trustee asserts that the bankruptcy estate will not have sufficient funds after payment of Chapter 7 administrative expenses to pay 100% of the Chapter 11 administrative expenses. Therefore, argues the U.S. Trustee, the liens of the Defendants to secure post-petition attorneys' fees and accountant's fees should be set aside. "To allow the liens to stand would give the defendants, who already enjoy a statutory priority, a super-priority over Chapter 7 administrative claimants and over other Chapter 11 administrative claimants." Complaint at p. 5.

Defendants respond by asserting that, as holders of properly perfected liens, they are secured creditors to the extent of the value of the collateral and, as such, are entitled to be paid in full from the proceeds of their collateral. The Defendants are not administrative claimants to the extent that their security is sufficient to pay their claim.

■ The U.S. Trustee argues that, with respect to the liens of KEEFE GORMAN & BRENNAN and Germeraad, a second ground for setting aside the liens is the failure on the part of the Defendants to fully disclose their arrangement with the Debtor. "The defendants' applications to be employed and disclosures of compensation as filed with the Court do not fully disclose the terms of their employment agreement. The one-page Employment Contract and Security Agreement on which each of these defendants rely was not included in either the application to be employed or the disclosure of compensation.

There was no disclosure of the number of vehicles secured or the values of these vehicles." Complaint at pp. 5–6.

Germeraad responded to the U.S. Trustee's allegations regarding nondisclosure by stating that the arrangement between the Debtor and the attorneys was fully set forth in what was filed with the Court on April 14, 1992:

Those pleadings are the petition to employ the attorneys, the affidavits of attorney and disclosure of compensation attached thereto, and Schedules B and D of the required pleadings which set forth the vehicles, the VIN number, the estimated value and the secured claim of the attorneys to those vehicles. The claim of nondisclosure made by the United States Trustee is not valid. In essence, their only complaint is that the one page employment contract and security agreement covering five vehicles was not attached as an exhibit. However, all the information contained in that document plus additional rates of associate attorneys is set forth in the application, the affidavits, the disclosure and the Schedules.

Memorandum in Opposition to Complaint at p. 5.

In *In re Martin*, 817 F.2d 175 (1st Cir. 1987), the First Circuit Court of Appeals rejected the proposition that the existence of a security interest in the debtor's property per se disqualifies an attorney from representing a debtor. The court set forth the following as a nonexhaustive list of factors the bankruptcy court should consider in making its determination of whether the attorney's security interest in the estate is an interest adverse to the estate or the creditors:

1. the reasonableness of the arrangement;

2. whether it was negotiated in good faith;

3. whether the security demanded was commensurate with the predictable magnitude and value of the foreseeable services;

4.  whether it was a needed means of ensuring the engagement of competent counsel;

5.  whether or not there are signs of overreaching;

6.  the nature and extent of any conflict of interest;

7.  the likelihood that a potential conflict might turn into an actual one;

8.  whether or not the potential conflict may influence the attorney's subsequent decision making;

9.  the appearance of the arrangement to other parties of interest;

10. whether the existence of the security interest threatens to hinder or delay the effectuation of a plan;

11. whether the security is or could be perceived as an impediment to reorganization; and

12. whether fundamental fairness might be unduly jeopardized.

*Martin* at 182.

The general position of other courts on the question of permissibility of taking a security interest to secure professional fees to be incurred in bankruptcy proceedings is that each situation must be evaluated on its individual facts. *In re Gilmore*, 127 B.R. 406, 408–409 (Bankr.M.D.Tenn.1991); *In re Automend, Inc.*, 85 B.R. 173, 176 (Bankr. N.D.Ga.1988). Most courts agree that failure to disclose such an arrangement should be fatal, and that if a professional fails to disclose a security arrangement, "the absence of full disclosure can result in invalidation of liens, disqualification of counsel, or reduction of fees." *Automend* at 178.

Applying the *Martin* factors to the facts before it, this Court finds that the security interests of the Defendants in the Debtor's property is not a sufficiently adverse interest to merit setting aside the liens of the Defendants. Contrary to the U.S. Trustee's assertions, the Court finds that there was adequate disclosure on the part of all of the Defendants. The Court would have preferred, and may require in the future, that such security arrangements be clearly spelled out in the Application to Employ; however, the disclosure in this case was

satisfactorily made among the various documents enumerated by Germeraad.

The Court finds that the security arrangement was, perhaps, the only means whereby the Debtor in this case could secure competent counsel. Furthermore, the Court sees no signs of overreaching on the part of the professionals; the fees were reasonable, the security taken by the parties was commensurate with the anticipated fees, and fundamental fairness was not unduly jeopardized.

■ The U.S. Trustee further asserts that even if the security arrangements between the Debtor and the Defendants are proper, the Court should order that the secured property be applied equally toward the payment of all Chapter 11 administrative claims. In support of its position, the U.S. Trustee cites *In re Carter*, 101 B.R. 563 (Bankr.E.D.Wis.1989), *aff'd*, 116 B.R. 123.

In *Carter*, Judge McGarity applied the factors enunciated by the First Circuit in *Martin* to the facts before her and concluded that the security arrangement was acceptable. The Court determined that the liens were valid, but that "to avoid any conflict with other administrative claimants, the assignment shall be available for payment of all administrative expenses, not solely the attorney for the debtor-in-possession, in accordance with the priorities of 11 U.S.C. § 507." *In re Carter, supra*, 101 B.R. at 566.

■ The Court is perplexed by the portion of the *Carter* opinion which requires that the assignment be made available for payment of all administrative claims. Allowed, unsecured, post-petition professional fees are administrative claims in bankruptcy. The only logical purpose for professionals to take a security interest in the debtor's property to secure their fees is to enhance the priority of their claim to a position superior to that of an administrative claim. By ordering that the secured property be made available and applied equally toward payment of all administrative expenses, Judge McGarity effectively undermines her entire holding, without ex-

plaining her rationale other than to state that such is required "to avoid any conflict with other administrative claimants." *In re Carter, supra,* 101 B.R. at 566.

The Court does not concur in this portion of Judge McGarity's analysis. The Court views the arrangement between the Defendants and the Debtor in this case as legally identical to a cash "security retainer", which consists of a cash retainer which is held by professionals to secure payment of fees for future services that the professionals are expected to render. Such an arrangement is permissible under Illinois law, and conveys to the professional a possessory security interest in money. *In re McDonald Bros. Construction, Inc.,* 114 B.R. 989 (Bankr.N.D.Ill.1990). Rather than accepting a possessory security interest in money, the Defendants before the Court accepted a security interest in property. The Court views this as a distinction without a difference. In either case, such "security retainers" are estate property, which can only be used by the professional upon compliance with the entire fee application process, including court approval. *Id.*

In the present case, the Defendants took a "security retainer" in property, rather than in cash. The Defendants, having complied with the fee application process, are entitled to be paid from the "retainer" and shall not be required to share their security with other administrative claimants. A contrary decision would have the effect of allowing, but completely emasculating, an otherwise valid lien. The Court, having found the lien valid under the *Martin* factors, can find no logical justification for undermining the lien.

Under Federal Rule of Civil Procedure 56, made applicable to adversary proceedings in bankruptcy by Federal Rule of Bankruptcy Procedure 7056, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Donald v. Polk County,* 836 F.2d

376, 378–379 (7th Cir.1988). As there is no genuine issue of material fact here, this Court holds as a matter of law that the subject liens shall not be set aside. Thus, the U.S. Trustee's Motion for Summary Judgment is denied and summary judgment is granted in favor of John H. Germeraad, Dennis Gorman, Terrence J. Anastas and Kenneth C. Abbot.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.