In re TAMARACK TRAIL COMPANY f/d/b/a Diem & Gilmore Company f/d/b/a Bruce Diem and Doug Gilmore, Debtor.

Bankruptcy No. 1–81–00526.

United States Bankruptcy Court, S.D. Ohio, W.D.

Dec. 10, 1982.

See also, Bkrtcy., 23 B.R. 3.

R. Edward Tepe, Cincinnati, Ohio, Schmieg & Weill, Milford, Ohio, for debtor.

David H. Todd and Paul Nemann, Cincinnati, Ohio, for creditor.

BURTON PERLMAN, Bankruptcy Judge.

This corporate Chapter 11 case came on for hearing on applications for a variety of administrative expenses. Disposition was made at the hearing of the application on account of services of Oelerich and of that by Eagle Savings Association. In addition, application for back wages by Diem and Gilmore will be the subject of separate consideration. The same application by Diem and Gilmore, filed without supporting documentation, contained application for fee by Robert Herking who testified as an expert appraiser on behalf of debtor at the confirmation hearing. Fees as to Herking will be dealt with at the same time as the Diem and Gilmore claim. The present decision will deal only with the several attorneys fees applications.

There are three separate attorney fee applications. The debtor, Tamarack Trail Company, was originally represented by the firm of Schmieg and Weill. This firm was subsequently replaced by R. Edward Tepe, Esq. Attorneys Paul A. Nemann, Esq. and David H. Todd, Esq. represented Kilday, originally a creditor of debtor. Kilday filed a plan in the case, and his plan was finally accepted by creditors over the plan submitted by debtor. The Kilday plan was confirmed. 23 B.R. 3 (Bkrtcy.1982). That plan provided for the cancellation of the stock of debtor up until then owned entirely by Messrs. Diem and Gilmore, and the issuance of new stock to Kilday and other creditors. It is the applications for fees of these three separate counsel or groups of counsel with which we must here deal.

In approaching the question of compensation of attorneys, the starting point is 11 U.S.C. § 330 where the standard is set:

"(1) reasonable compensation for actual, necessary services rendered by such ... attorney ... based on the time, the nature, the extent, and the value of such services, and the costs of comparable

services other than in a case under this title;"

It appeared to us at the time of the hearing that there had been agreement among the parties as to a figure of $4,000.00 for compensation for Schmieg and Weill which figure was agreeable to that firm. That figure for the firm responsible for preparing and filing the petition and schedules, based upon the information contained in its application, is approved by the Court. Consequently our concern here as to appropriate compensation for counsel for debtor involves the services of Tepe to the debtor.

So far as can be ascertained from the time records submitted by Tepe, it appears that he was involved in general representation of the debtor in the Bankruptcy Court, and also in the development of a plan for submission to the creditors, the major portion of his time apparently being involved in the latter effort. It would appear that services of both characters are appropriate for debtor in possession in the present case, and we have no reason to believe that the time recited was not for actual and necessary services. The amount of time spent does not seem unreasonable, considering that counsel was involved in a Chapter 11 rehabilitative effort.

■ The value of Tepe's services, however, must be evaluated in light of the fact that the plan proposed by debtor was not accepted, but was rejected in favor of a plan proposed by creditor Kilday. Debtor's attorney should receive less when his efforts are unsuccessful than where successful. *U.S.A. Motel Corp. v. Danning,* 521 F.2d 117, 119 (9th Cir., 1975). The temptation is great to say that because the plan upon which he worked was rejected, that his services had no value to the debtor. After all, what debtor was in need of was a plan palatable to creditors and constructive towards the end of rehabilitation. The plan put forward on behalf of the debtor did not fill this bill, for it was rejected by creditors.

■ It does not follow, however, from rejection by creditors of debtor's plan that no "value" should be attached to the service of the attorney who prepared it. The re-

sults might have been otherwise if no creditor's plan had been submitted.

The fact that the plan was not accepted goes to the question of the quantum of value, not to whether there was any at all. In reaching the conclusion that we do, that some compensation is due to Tepe, we comment also that we are concerned that counsel competent in bankruptcy reorganization not be left totally unrewarded for his services, for the expertise called for in Chapter 11 representation should be available in the community for those who require it. In fixing the amount of the present award, we also take into account that Tepe did receive a retainer, though from Gilmore personally, before entering the case.

In the light of all of the foregoing we fix Tepe's fee at $3,500.00. We hold also that he is entitled to be reimbursed his out of pocket expenses, $421.32.

Finally we turn to the application of Messrs. Nemann and Todd. In representing creditor Kilday, counsel spent some 290 hours and succeeded in developing a plan which was accepted by creditors and confirmed. They provided successful and competent service in the case, creating the possibility of a rejuvenated, viable entity. In the circumstances, we hold Nemann and Todd entitled to receive the attorneys fee of $23,657.75 for which they made application as well as $1,102.61 reimbursement of expenses.

SO ORDERED.