**In re Daniel M. BUSH and Anne C. Bush, Debtors.**

**Bankruptcy No. ST 91–82106.**

United States Bankruptcy Court, W.D. Michigan.

Sept. 4, 1991.

OPINION AND ORDER REGARDING MOTION TO RECONSIDER JUNE 20, 1991 ORDER ALLOWING COUNSEL'S FEES IN THE REDUCED AMOUNT OF $600.00

JO ANN C. STEVENSON, Bankruptcy Judge.

This opinion addresses the court's continuing concern with the routine and regular manner in which debtors' attorneys request a $1000 fee for representing a Chapter 13 debtor.

On April 15, 1991 debtors Daniel M. & Anne C. Bush, represented by Richard C. Rolph, filed their Chapter 13 petition. On June 20, 1991, a proposed order confirming the debtors' Chapter 13 plan and approving

attorney's fees to Mr. Rolph of $1,000 was presented to the court for signature and entry. After reviewing the debtors' Chapter 13 petition and court file, the plan confirmation order was signed and attorney's fees were allowed in the reduced amount of $600. The fees were reduced because of the number, types, and dollar amounts of the scheduled debts as well as the routine nature of the case as reflected in both the court file and the Chapter 13 petition. All indications were that this was the usual run-of-the-mill Chapter 13 case. According to the petition and schedules the debtors had no priority debt and only two secured debts; a home mortgage which was approximately $2720 in arrears (ten monthly installments of $270 each), and an auto loan which was current. The debtors also had six unsecured debts ranging from $166 to $870. Attached to the debtors' petition was a "Contract for Services of Attorney Chapter 13 Reorganization" in which the debtors' attorney agreed to perform the legal work necessary for an estimated "base price" of $1000 in addition to costs such as long distance telephone calls, postage, and copying charges at $.20 per page.

As promised at the June 20, 1991 hearing, Attorney Rolph wrote the court on June 28, 1991 requesting that the requested fee of $1000 be allowed in full. Attached to that letter was a statement indicating that he had spent 12.3 hours in this case at a charge of $90 per hour for a total fee earned of $1,107.00, including copying expenses of $7.00. (35 copies at $.20).

The court will treat the June 28, 1991 letter as a timely filed motion to alter or amend the June 20, 1991 confirmation order awarding attorney's fees pursuant to Federal Rule of Bankruptcy Procedure 9023(e).

This court has jurisdiction over counsel and the subject matter of this action pursuant to 28 U.S.C. Section 1334, and this is a core proceeding within the meaning of 28 U.S.C. Section 157(b)(2)(A).

11 U.S.C. Section 330, Compensation of Officers, provides the guidelines for the court's determination as to the allowance of fees and expenses to attorneys. That section states:

(a) After notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328 and 329 of this title, the Court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title or to the debtors attorney–

(1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be, based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title; and

(2) reimbursement for actual, necessary expenses.

The court has an obligation to examine the propriety of fees and expenses requested even if no objections are raised. *In re Mayes*, 101 B.R. 494 (Bkrtcy. W.D.Mich.1988). *See Jordan v. Mark IV Hair Styles, Inc.*, 806 F.2d 695 (6th Cir. 1986) fees in a civil rights class action; *In re S.T.N. Enterprises, Inc.*, 70 B.R. 823, 831 (Bkrtcy.D.Vt.1987); *In re Evans Products Co.*, 69 B.R. 68, 69 (Bkrtcy.S.D.Fla. 1986); *In re NRG Resources, Inc.*, 64 B.R. 643, 650 (Bkrtcy.S.D.N.Y.1986); *In re Wilson Foods Corp.*, 36 B.R. 317, 320 (Bkrtcy. W.D.Okla.1984); and *In re Hamilton Hardware Co., Inc.*, 11 B.R. 326, 329 (Bkrtcy.E.D.Mich.1981).

This obligation is especially important in a Chapter 13 case where a debtor has neither inclination nor motivation to object to attorney's fees. Once disposable income has been determined, it generally makes no difference to the debtor whether that money goes to his or her attorney as fees or to the debtor's prepetition creditors since, in any event, this money is not available to the debtor. As to creditors objecting to fees, Judge Scholl correctly noted in *In re*

*Patronek,* 121 B.R. 728, 731 (Bkrtcy. E.D.Pa.1990), that

> Although, in a general sense, that portion of an excessive fee paid through a Chapter 13 plan comes directly out of creditors' pockets, the amount lost by any one creditor is simply too small to merit the expense and attention of a court filing. We believe that small creditors have the right to assume that a judge will make some effort to preserve the integrity of the Chapter 13 process by not merely signing off on fee applications by rote.

We first turn our attention to counsel's itemized statement and question whether 12.3 hours of legal work was actually performed in this case. And, if in fact the time was spent, whether the time was reasonable and necessary. This is especially critical where the requesting attorney has been representing Chapter 13 debtors in this court for many years, and nothing in the file would indicate that this routine case would require either the amount of time spent or the fee requested. We preface our analysis of the work performed here with our belief that most Chapter 13 consumer bankruptcies generally are repetitious and the work required to handle them usually does not change substantially by the particular facts of the individual consumer case. As noted in *Harman v. Levin,* 772 F.2d 1150, 1153 (4th Cir.1985), "[c]hapter 13 bankruptcy cases often involve relatively routine questions with which regular practitioners quickly become familiar." Our review of the court's files reveals that from 1986 to the present Attorney Rolph has appeared as counsel of record for Chapter 13 Debtors in over 75 cases. Accordingly, he is clearly a regular practitioner within the sense of *Harman.*

We now turn to the Bush case. It is apparent that this case presented no particularly unusual aspects or problems. The only documents filed were counsel's completed form schedules and plan. The court file contains no other legal pleadings prepared by debtor's counsel. Of the 12.3 hours charged, 6.3 hours were spent on either receiving or sending routine letters or receiving or making telephone calls regarding routine matters. The majority of telephone calls and letters are charged at a minimum .3 of an hour or 18 minutes each; the charge for the remaining letters or telephone work is .5 of an hour or 30 minutes for each. Especially suspect and unreasonable are two charges of 18 minutes each to review proofs of claim, a function for which a charge of six minutes to review both would be considered ample.

One hour was charged for attending the June 20, 1991 confirmation hearing. This figure is offered without the concomitant acknowledgment from counsel that he appeared on other cases at the same time. Our review of the court's annotated calendar for that morning indicates that confirmation hearings, including the Bushs', as well as show causes for dismissal and miscellaneous motions, some twenty-nine matters in all, were completed within one hour. According to that morning's resumes, counsel appeared on behalf of three clients during that hour. If our collective memory serves us well, the uncontested confirmation hearing in this case concluded in no more than five minutes time. This charge of one hour is clearly inflated and should have been prorated among the other clients on whose behalf counsel appeared that morning.

Similarly, Attorney Rolph charged 1.0 hour for attendance at the debtors' May 22, 1991 341(a) meeting. We understand, however, that between approximately 3:40 and 5:00 p.m. on May 22, 1991 attorney Rolph appeared at 341(a) meetings on behalf of six debtors (Chapman ST 91–81264; Babel HT 91–81532; Harrington HT 91–81825; Irvine HT 91–82105; Bush ST 91–82106; and Tappan ST 91–80689), and that the questioning of the Bushs took no more than ten minutes. Accordingly, the 1.0 hour is clearly excessive and like attendance at confirmation hearings, the time should have been apportioned among all the debtors who Mr. Rolph represented during that one hour and twenty minute period.

Four hours of counsel's time was "lumped" or "bunched"—that is, the state-

ment did not itemize each activity within the group as to the time expended, the description of the work, and the date performed. As we have noted previously, each type of service must be listed with a corresponding specific time allotment. *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987), *In re Wiedau's Inc.*, 78 B.R. 904, 907 (Bkrtcy.S.D.Ill.1987). Lumping and/or bunching contravenes this District's August 2, 1989 Fee Guidelines.

 Nor will the court reimburse for the one hour charged for the preparation of a statement or bill when it is done so by the attorney in order to justify his Chapter 13 fee. First, the charge is excessive. Second, this document was neither requested nor required but was voluntarily prepared and produced by counsel for his own benefit. The court recognizes that in a Chapter 13 the general guideline that reasonable time spent in preparing an application for compensation may be compensable cannot be read in disregard of the corresponding rule that compensation is not allowed for services which do not benefit the debtor estate. Here preparation of the statement was solely for the benefit of attorney Rolph. If under circumstances such as these counsel chooses to prepare a statement, he does so for his sole benefit and thus at his own expense and not at the expense of creditors who might otherwise benefit from the reduction of the attorney's fees.

Many times the work performed in a Chapter 13 warrants attorneys' fees of $1000 or even more. This was recognized when paragraph 15 of the August 2, 1989 Fee Guidelines was adopted in this district. Those guidelines specifically provide that fees exceeding $1000 can be requested and awarded based on the court's review of counsel's itemized statement and the legal work performed. At the same time, we remind counsel that this court does not recognize a $1000 minimum or base fee to be routinely requested or allowed regardless of the actual legal work which was performed. Rather, the fee requested and awarded must be based on a number of factors including but not limited to the

legal work actually, reasonably and necessarily performed, the type and amount of debt scheduled, and the complexity of the legal work involved. While this review may not lend itself to mathematical precision and does contain some subjectively, we believe it ultimately more accurate and equitable than charging a $1000 fee in every Chapter 13 case regardless of the amount or complexity of the actual legal work performed.

Our review of the court file, the debtors' petition, as well as counsel's itemized statement, confirms that the reduced fee of $600 previously awarded is more than reasonable for the legal work done in this case. Accordingly, movant's motion to alter or amend the June 20, 1991 confirmation order as to attorneys' fees is denied.

### ORDER

NOW, THEREFORE, for the reasons stated above, Counsel's Motion to Alter or Amend this Court's June 20, 1991 Order Confirming Plan and Approving Attorney's Fees be and hereby is denied.