**In re Delmar SHARP, Debtor.**

**No. 06–47107.**

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

April 30, 2007.

Kurt A. O'Keefe, Detroit, MI, for Debtor.

*Amended Opinion Regarding Debtor's Attorney's Application for Compensation*

STEVEN W. RHODES, Chief Bankruptcy Judge.

This matter is before the Court on attorney Kurt O'Keefe's Application for Compensation. O'Keefe filed a fee application on October 16, 2006. On November 6, 2006, the chapter 13 trustee objected to the fee application based on O'Keefe's failure to indicate a breakdown of services, failure to indicate who performed tasks and at what hourly rate, and language in the proposed order making it a judgment against the debtor. On November 28, 2006, O'Keefe withdrew his fee application. A first amended fee application filed on November 30, 2006, corrected a typographical error in the attached proposed

order, deleted language in the order making it an executable judgment against the debtor, and added additional information including O'Keefe's hourly rate of $320.00.

On January 10, 2007, the trustee filed an objection to the first amended fee application. The trustee stated the following seven objections:

1. Trustee objects as the dates on the Statement of Services are cut off and Trustee is unable to read dates for services performed.

2. Trustee objects to language in the proposed order stating that the order may become a judgment against the debtor.

3. Trustee objects to debtor counsel's hourly rate of $320.00 as this compensation is beyond the reasonable and customary rate charged by comparably skilled practitioners in the Eastern District of Michigan.

4. Trustee objects to total number of hours listed on the Statement of Services as 23.1 where Trustee's calculation shows number of hours totals 16 hours.

5. Trustee objects to compensation for all time entries on September 21, 2006 regarding conference with the Trustee's office as excessive and unreasonable in light of services provided.

6. Trustee objects to compensation for the time entry on July 17, 2006 for debtor attorney's draft and revision of court date letter with payment due date as the first payment was due by the debtor on July 4, 2006.

7. Trustee objects to debtor counsel's request for compensation for time entries on September 21, 2006 and October 7, 2006 for attorney time for clerical functions pursuant to the Statement of Services attached totaling .2 hours at $320.00 per hour or $64.00. Pursuant to *In re Bass*, 227 B.R. 103 (Bankr. E.D.Mich.1998), clerical services should not be billed separately to clients but

should be included in the office overhead.

On January 15, 2007, O'Keefe filed a supplement to the amended fee application, stating that part of the settlement of an adversary proceeding in the case provided for the adversary proceeding defendants to pay some of O'Keefe's fees related to both the adversary proceeding and bankruptcy case. On February 23, 2007, O'Keefe filed a response to the trustee's specific objections. O'Keefe asserts that the trustee's objections are untimely because the items objected to in the First Amended Fee Application were present in the original fee application, but not raised in the trustee's objection to the original fee application.

### I.

 In the Sixth Circuit, the methodology to evaluate the reasonableness of compensation for professionals is the "lodestar" approach. The lodestar method of determining an award of attorney fees involves "multiplying the attorney's reasonable hourly rate by the number of hours reasonably expended." *Boddy v. United States Bankruptcy Court, Western District of Kentucky (In re Boddy)*, 950 F.2d 334, 337–38 (6th Cir.1991). Bankruptcy courts should review the requested rate to determine whether the attorney's customary charge is reasonable under the circumstances. *In re Atwell*, 148 B.R. 483, 488–89 (Bankr.W.D.Ky.1993). Courts should consider the following factors in determining reasonable hourly rate: the attorney's customary rate; comparable rates of comparable attorneys in the local area; quality of legal services provided; the skill of attorney; and the novelty or difficulty of issues present in case. *Id.* See also *Blum v. Stenson*, 465 U.S. 886, 895–96 n. 11, 104 S.Ct. 1541, 1547 n. 11, 79 L.Ed.2d 891 (1984) (A reasonable hourly

rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.); *In re Williams,* 357 B.R. 434 (6th Cir. BAP 2007).

██ The burden of proof is on the professional requesting compensation for his or her services from the bankruptcy estate. *In re New Boston Coke Corp.,* 299 B.R. 432 (Bankr.E.D.Mich.2003).

██ O'Keefe asserts that his customary rate for post–BAP/CPA cases is $320 per hour. The chapter 13 trustee's office provided the Court with a fee chart of comparable hourly rates among local chapter 13 attorneys, ranging from $195 to $265 per hour.

On the other hand, O'Keefe notes that according to the Michigan Lawyers Weekly annual survey, top shelf non-bankruptcy associates billed an hourly rate of $330 in 2004. O'Keefe asserts that § 330(f) considers "whether the compensation is reasonable based on the customary compensation [sic] charged by comparably skilled practitioners in cases other than cases under this title." O'Keefe asserts that he is entitled to an hourly rate higher than other chapter 13 attorneys because he is at the top of the field.

The record in this case strongly suggests otherwise. The list of errors that O'Keefe has made in this case is quite extensive. The transcript of the § 341 meeting of creditors reveals that O'Keefe admitted to at least six errors in preparing the petition and schedules in this case. In addition, O'Keefe filed a notice of appeal from an interlocutory order, without filing a motion for leave to appeal as required by Bankruptcy Rule 8003. (The District Court, noting the error, treated the notice of appeal as a request for leave to appeal.) The ECF docket in the case also reveals three notices of deficiency for errors in electronic filings. Moreover, the First

Amended Application for Fees of Attorney for Debtor admits that amendments to the fee application were necessary due to mistakes. The Affidavit In Support of First Application for Fees of Attorney For Debtor contains typographical errors. During the hearing regarding O'Keefe's fee application, the Court observed that several documents were electronically filed upside down. When asked how the documents came to be filed upside down, O'Keefe responded, "I make mistakes."

The Court concludes that $320 is not a reasonable hourly rate for this attorney for two primary reasons. First, an hourly rate of $320 is significantly higher than the rates of other chapter 13 attorneys in the area. Second, the quality of legal services provided and skills of this attorney, as demonstrated in this case, simply do not justify an hourly rate significantly higher than the rates by other chapter 13 attorneys. Bankruptcy Judge Shefferly has also previously ruled that $320 is not a reasonable hourly rate for this attorney. *See In re Lindsay,* Case No. 05–65379 (Bankr.E.D.Mich.2005).

O'Keefe notes that in several uncontested cases, he has been allowed an hourly rate of $290. *See In re Shoup,* Case No. 04–69450 (Judge Shefferly), *In re Williams,* Case No. 05–80579 (Judge Tucker), *In re Davis,* Case No. 05–72488 (Judge Rhodes). These were not cases, however, in which this issue was raised or resolved.

O'Keefe is certified in consumer bankruptcy law by the American Board of Certification. The Court fully recognizes that the process of obtaining certification is quite extensive and that maintaining certification requires significant continuing legal education. Indeed, the amendments under BAP/CPA added board certification as a new factor to consider under § 330(a) in determining compensation. ("In deter-

mining the amount of reasonable compensation to be awarded ... the court shall consider the nature, the extent and the value of such services, taking into account all relevant factors, including—. . . whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field[.]") This Court agrees with those that have suggested that attorneys who are certified are entitled to a higher hourly rate in cases where they use those skills. *See In re Castro,* 320 B.R. 690 (Bankr.S.D.Cal.2005). Not considering the certification, the Court would determine that a rate of $240 would be appropriate, based upon O'Keefe's number of years of experience, the level of difficulty of this case and other cases that he undertakes, and his performance in this case, including the several mistakes identified above. Considering his certification in consumer bankruptcy, the Court concludes that a rate of $265 per hour is an appropriate and reasonable hourly rate.

## II.

Trustee's objection number 1, that the dates on the statement of services were cut off, was resolved when O'Keefe re-filed the document. Objection number 2 was resolved when O'Keefe struck the language from the order. Objection number 3, relating to the hourly rate, is sustained. Objection number 4 was resolved when O'Keefe filed the amended fee application.

Objection number 5 is overruled. The trustee objected to time spent in a phone conference with O'Keefe in an attempt to resolve objections regarding the means test. However, the trustee did not testify regarding the nature of the conference, therefore the Court is unable to determine that the time spent was excessive.

 Objection number 6 is sustained. The time entry describes the time spent as drafting a letter to inform the client of when the first payment was due, however

the date for the first payment was past due. Accordingly, the Court finds this time spent not reasonable.

Objection number 7 is granted in part. The Court agrees with the trustee that time spent leaving a message for a client is clerical in nature. Indeed, the Court notes that outside of bankruptcy, attorneys do not normally charge clients for leaving phone messages. However, time spent drafting a letter to the trustee is not clerical.

The Court will enter an appropriate order.